GERALD POSS, P.C.
58 VOSE AVE
SOUTH ORANGE, NEW JERSEY
07079 (973) 762-6400 Attorney for
Plaintiff-George Tillery

UNITED STATES DISTRICT
COURT DISTRICT OF NEW
JERSEY

GEORGE TILLERY

      Plaintiff,

v.

CITY OF NEWARK, POLICE
OFFICER, MICHAEL SANTIAGO,
LT. MINOVICH,: POLICE
DIRECTOR GARRY McCARTHY,
DEPUTY MAYOR RON
SALAHUDDIN, COUNTER-TECH
INVESTIGATIONS AND THEIR
EMPLOYEE, DAVID SCHWARTZ,
DRIGON INVESTIGATIONS AND
THEIR EMPLOYEE, ROZ PETTIT-
SOVA, P.O. MICHAEL GRAINGER,
JOHN DOE 1-10, ABC
CORPORATION 1-10
      Defendants,:

CASE NO.: 2:09-CV-04696-FSH-PS

Civil Action

**AMENDED COMPLAINT AND**
**JURY DEMAND**

  The Plaintiff, George Tillery, is a resident of the City of Newark, County of Essex and State of New Jersey, and files this action against the City of Newark, P.O. Michael Santiago, Lt. Minovich, Police Officer Michael Grainger, Police Director Garry McCarthy, Deputy Mayor Ron Salahuddin, Counter-Tech Investigations and their employee, David Schwartz, Drigon Investigations and their

1

employee, Roz-Pettit-Sova, John Doe 1-10, ABC Corporation 1-10.

1. Plaintiff was subjected to harassment, physical abuse, false arrest, and illegal search and seizure on March 9, 2007, and harassment including unlawful selective enforcement of invalid city ordinances that interfered with plaintiff's business operations on numerous occasions in 2007, 2008 and 2009 under color of state law and in utter disregard for the rights guaranteed him under the 4th, 8th and 14th Amendments of the United States Constitution.

## JURISDICTION

2. This claim concerns the violation of Civil Rights and this Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

## VENUE

3. Plaintiff currently resides in the City of Newark, County of Essex, State of New Jersey, which is in this district and division; the claims allegedly arose primarily in this district. Accordingly, venue appropriately lies in this district pursuant to 28 U.S.C. Sec.1391.

## PARTIES

4. Plaintiff, George Tillery, is an adult citizen of the United States.
5. Defendant, City of Newark, is a municipality incorporated under the laws of the State of New Jersey.

6. Defendants, are police officers employed by the City of Newark. Michael Santiago, Lt. Minovich, Police Officer Michael Grainger, Police Director Garry McCarthy of Newark and are sued in their official and individual capacities. All individual Defendants are individually and severally responsible for acts of harassment, illegal search and seizure and other unconstitutional force and improper treatment inflicted upon Plaintiff and his business.

7. Ron Salahuddin was a deputy Mayor of the City of Newark who directed and participated in some of the events that form the basis for this complaint.

8. COUNTER-TECH INVESTIGATIONS AND THEIR EMPLOYEE, DAVID SCHWARTZ, DRIGON INVESTIGATIONS AND THEIR EMPLOYEE, ROZ PETTIT-SOVA, JOHN DOE 1-10, ABC CORPORATION 1-10, are private individuals/corporations that acted in concert with and in conspiracy with employees of the city of Newark to wilfully deprive plaintiff of his civil rights.

9. By virtue of this complaint, all Defendants and their counsel are on notice of the claims against them and are asked to identify and investigate such claims. All individual Defendants are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

10. On or about March 9, 2007, defendants illegally entered plaintiff's place of business in Newark, NJ and proceeded to harass customers, remove inventory and convert cash and cigarettes without a warrant and subsequently brought

criminal charges against plaintiff, which charges were ultimately dismissed.

11. On a prior occasion gun possession charges were filed against plaintiff and ultimately dismissed.

12. On 4/16/08, defendants and/or other employees of the City of Newark pointed out plaintiff's hot dog truck for inspection indicating "he was the one who took them to internal affairs".

13. On numerous other occasions to date, the defendants continue to illegally enter plaintiff's store, harass plaintiff, harass plaintiff's business invitees inside and outside the store, all in what appears to be an attempt to deprive plaintiff of his right to liberty and property in violation of his due process rights.

14. The aforementioned discriminatory and harassing practices consisted of and continue to consist of unwarranted health code, building code and sanitation inspections lack of police protection and discriminatory traffic enforcement.

RELIEF SOUGHT

(CONSTITUTIONAL CLAIMS)

## SUBSTANTIVE DUE PROCESS 4th AMENDMENT and 14th AMENDMENT

1. The actions of the Defendants were done intentionally, willfully and/or with deliberate indifference to or reckless disregard for the rights secured to plaintiff under the United States Constitution, with knowledge of the consequences of their acts, to wit: the acts of harassment, psychological abuse and illegal searches and seizures clearly reflected knowledge on the part of the Defendants that harmful and offensive contacts and consequences would occur. Moreover, the failure of the other Defendants to this action, including Police Director Garry McCarthy to investigate or train the other police officers reflected deliberate indifference to Plaintiff's welfare and caused his injuries.

2. The Defendants' systematic and continuous misconduct totally disregarded the rights of substantive due process guaranteed by the 14th Amendment, giving rise to the following claims under 42 U.S.C. Sec. 1983: (a) for the declaration that the policy or custom of harassment, illegal search and seizure, and illegal arrest are unconstitutional and violated Plaintiff's 4th and 14th Amendment rights as an unreasonable search and seizure of his person and loss of his physical liberty (b) for actual damages including pain and suffering and economic loss, and for punitive damages in an amount to be determined by the court, both awards as against the individual Defendants,

jointly and severally, as alleged above.

WHEREFORE, The Plaintiff prays the Court as follows:

1. Take jurisdiction of this matter;

2. Grant a trial by jury.

3. Award the Plaintiff declaratory relief where appropriate.

4. Award the Plaintiff actual compensatory damages as against all Defendants, and award punitive damages against the individual Defendants, under each claim stated above, in such amount as the jury determines;

5. Award the Plaintiff pre-judgment interest, counsel fees and costs as permitted by law and of such other relief as the court deems just and proper.

Dated: September 1, 2009

GERALD POSS, P.A.

By: _____

HARVEY H. ROTHMAN, ESQ.